# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 17-50218

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2018

Lyle W. Cayce
Clerk

JON R. DEUTSCH,

> Plaintiff - Appellant

v.

PHIL'S ICEHOUSE, INCORPORATED,

> Defendant - Appellee

_____

Cons w/ 17-50225

JON R. DEUTSCH,

> Plaintiff - Appellant

v.

LA TIERRA DE SIMMONS FAMILIA, LIMITED,

> Defendant - Appellee

_____

Cons w/ 17-50276

JON R. DEUTSCH,

> Plaintiff - Appellant

v.

ROY HENRY,

> Defendant - Appellee

No. 17-50218 c/w Nos. 17-50225, 17-50276,
17-50277, 17-50278, 17-50279

_____

Cons w/ 17-50277

JON R. DEUTSCH,

Plaintiff - Appellant

v.

CHIWAWA, INCORPORATED,

Defendant - Appellee

_____

Cons w/ 17-50278

JON R. DEUTSCH,

Plaintiff - Appellant

v.

DRAKER ENTERPRISES, INCORPORATED,

Defendant - Appellee

_____

Cons w/ 17-50279

JON R. DEUTSCH,

Plaintiff - Appellant

v.

CHRIS D. CLARK; RONI CLARK PEARSON,

Defendants - Appellees

2

No. 17-50218 c/w Nos. 17-50225, 17-50276,
17-50277, 17-50278, 17-50279

———————————

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 1:15-CV-974, 1:15-CV-901, 1:15-CV-490,
1:15-CV-1238, 1:15-CV-807, 1:16-CV-88

———————————

Before WIENER, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Jon Deutsch and his attorney, Omar Rosales, appeal from a sanctions order against Rosales in the form of an award of attorney's fees to opposing counsel. The district court concluded that Rosales engaged in bad faith by (1) making numerous false and abusive statements, (2) fabricating evidence and lying about doing so in filings and a show cause hearing, and (3) filing a groundless police report and protective order against defense counsel.[1] The court imposed sanctions under its inherent power, awarding defense counsel $175,673.78 in fees and costs.

The standard of review for inherent power sanctions is abuse of discretion.[2] "We review the facts underlying the district court's decision to sanction for clear error and 'its underlying conclusions of law *de novo*.'"[3] The court may award attorney's fees as a sanction under its inherent power.[4] To do

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The complex procedural facts of these cases are laid out in detail in the lengthy district court order awarding the defendants sanctions. *See Deutsch v. Henry*, No. A-15-CV-490-LY-ML, 2016 WL 7165993 (W.D. Tex. Dec. 7, 2016), *aff'd*, No. 1:15-CV-490-LY, 2017 WL 5652384 (W.D. Tex. Mar. 28, 2017).

[2] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991).

[3] *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 576–77 (5th Cir. 2008) (quoting *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004)).

[4] *See Chambers*, 501 U.S. at 45–46.

so, "[the] court must make a specific finding that the attorney acted in 'bad faith.'"[5] But the court "must comply with the mandates of due process," both in assessing bad faith and in determining the amount of fees to award.[6]

Much of Rosales's argument stems from his mischaracterization of the sanctions as Rule 11 sanctions. But the defendants' motion for sanctions and the sanctions order itself expressly invokes the court's inherent power. This is one instance when Rule 11 is not "up to the task,"[7] because the conduct at issue involved not only improper filings, but also falsifying evidence and using a state court tribunal to delay the litigation.

Rosales never challenges any of the magistrate judge's factual findings regarding his conduct and his bad faith. Nor could he. Rosales's bad faith is apparent from the record. Further, there is no serious doubt that Rosales was given due process; that is, notice and opportunity to be heard.[8] The defendants' briefing described the allegedly sanctionable conduct, as did the magistrate judge's show cause order. The magistrate judge held a hearing at which Rosales had the opportunity to present evidence.

Rosales's contentions are frivolous and involve serious misstatements of the law and facts. He mounts numerous attacks on the magistrate judge assigned to the cases and the district judge assigned to some of them. Rosales's insistence on placing the blame for his conduct anywhere but on himself—to the point of impugning the integrity of the courts—underscores the appropriateness of these inherent power sanctions. We agree with the

---

[5] *Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995) (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995)); *see Chambers*, 501 U.S. at 45–46.

[6] *Chambers*, 501 U.S. at 50.

[7] *Id.*

[8] *Cf. Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) ("The essential requirements of due process . . . are notice and an opportunity to respond.").

magistrate judge that it is regrettable that someone who purports to enforce the rights of disabled persons engages in such reprehensible conduct. We are baffled by Rosales's claims that his actions, including falsifying evidence, were somehow justified. Not only did Rosales make many inappropriate remarks, he perpetuated a fraud on the court. The award of inherent power sanctions was not an abuse of discretion.

The judgment of the district court awarding sanctions is AFFIRMED. The motions carried with the case are dismissed as moot.